BEVERHOUT THOMPSON, Appellant, *v.* ANNIE STANLEY, as Administratrix, etc., of DAVID A. STANLEY, Deceased, Respondent, Impleaded with the HARRIS AND DEW FAUCET, PLUG AND BUNG COMPANY.

*Suit by a stockholder of a corporation — proof as to present ownership of stock — assignment of stock purporting to be made by an administrator.*

No presumption that a plaintiff, who sues as a stockholder in a corporation, is still a stockholder, so as to entitle him to maintain the action, arises from proof, by the production from the papers of the corporation of a canceled stock certificate, that certain shares had once been issued to the plaintiff, that he had signed a blank power of attorney on the back of the certificate, and that the certificate had found its way back into the hands of the company and had been canceled, without any proof that such transfer was obtained from him without consideration or by false representations, although his complaint so alleges.

The relation of stockholder is not established by the mere production of a corporation stock certificate on which is indorsed a blank assignment and transfer purporting to be signed by the administrator of the person named on its face as entitled to the stock represented thereby.

APPEAL by the plaintiff, Beverhout Thompson, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 23d day of May, 1893, dismissing the complaint, upon a decision of the court after a trial by the court at the New York Special Term.

*L. Karge,* for the appellant.

*F. Seymour,* for the respondent.

VAN BRUNT, P. J.:

This action is brought by the plaintiff claiming to be a stockholder of the defendant corporation on its behalf, to recover from the

defendant Stanley, as administratrix, the proceeds of certain assets of the defendant corporation alleged to have been fraudulently misappropriated by her intestate while president of said corporation.

In his complaint the plaintiff alleged that in or about the year 1882 he subscribed for and purchased 138 shares of the capital stock of said corporation, and a certificate thereof was duly issued to the plaintiff, who became the owner thereof, and that the deceased David A. Stanley, who "then owned or controlled the greater part of the stock of said corporation, was acting as its president and manager, and controlling its affairs, represented to plaintiff that said corporation had determined to close up its business, and divide its assets among the stockholders entitled thereto, and in order to facilitate the same requested plaintiff to give to him (said Stanley) the control of plaintiff's stock, stating that it would hasten and facilitate the closing up of the affairs of the corporation, and the realization by plaintiff of the share of its assets to which plaintiff was entitled, and promised and agreed, if plaintiff would do so, to wind up the affairs of said corporation, sell its property, convert its assets into money, and that plaintiff should receive the proportion to which he was entitled."

The complaint further alleges that the plaintiff, being "ignorant as to the management and affairs of said corporation, and relying on the statements made by said Stanley, deceased, as aforesaid, did in or about the month of February, 1886, execute to said Stanley an assignment of said one hundred and thirty-eight (138) shares of stock of said corporation, belonging to plaintiff as aforesaid; that plaintiff did not at that time, or has he ever, received any consideration whatever for said assignment of said stock, nor has said Stanley ever accounted to plaintiff or paid him anything whatever for his stock or interest in said corporation and its property."

The complaint then alleges the ownership by defendant corporation of certain valuable property, the appropriation of same to his own use by Stanley, the mismanagement of the affairs of the corporation, its cessation of business, and that since 1886 it had transacted no corporate business. It further alleges the death of Stanley, and the appointment of the defendant, Annie Stanley, as administratrix, and prays that she, as administratrix, as aforesaid, be

directed to account for the money, property and rights of said corporation received by said Stanley, deceased, or in any manner retained by him; and that said "corporation defendant be required to account for any property, money or interest, if any, belonging to it or in its control; that plaintiff be decreed entitled to and to be paid the amount he may be found entitled to receive from said defendants, or either of them, and that the plaintiff may have such other or further relief as may be just and proper."

The defendant, Annie Stanley, by her answer, substantially denied all the allegations of the complaint, and alleged ownership in said Stanley, deceased, of said 138 shares of stock.

Upon the trial, after the plaintiff had attempted to prove that he was a stockholder of said corporation, and after he had stated to the court that he had no further evidence to give upon that point, the court stopped the trial and dismissed the complaint upon the ground that the plaintiff had not shown himself to be a stockholder, and from the judgment thereupon entered this appeal is taken.

We see no error whatever in the rulings made by the court below. The complaint showed that the 138 shares of stock which the appellant claimed to own had been transferred to Stanley, the allegation being that such transfer had been induced by false representations of Stanley and without consideration. No evidence whatever was attempted to be offered to support this allegation. All that the plaintiff did prove was, by the production of a certificate of stock from the papers of the corporation and marked "canceled," that 138 shares had been issued to him; that he had signed a blank power of attorney upon the back of said certificate, and that said certificate had found its way into the hands of the company again and had been canceled.

It is true that the plaintiff was asked whether he ever received any consideration from anybody for the transfer of that certificate. But this question was objected to upon the ground that its answer might involve testimony as to a transaction between the witness and the deceased, and was properly excluded upon that ground. And this was the only attempt in any way to prove the allegations in the complaint as to the circumstances under which the transfer was made.

Clearly, because the plaintiff had been a stockholder at one time, and it appeared that he had transferred his stock, no presumption

arises that he is still a stockholder because he alleges in the complaint that such transfer was obtained without consideration or by false representations. It was necessary that the plaintiff should at least prove these facts in order to entitle him to any standing whatever in court, even if that would suffice.

Upon the trial, the plaintiff attempted further to establish his position as a stockholder by exhibiting a certificate for five shares of stock, which certificate showed that one Henry J. Ewing, of New York city, was entitled to five shares of stock in said company. Upon the back of this certificate was indorsed a blank assignment and transfer, purporting to be signed by Caroline A. Ewing, administratrix of the estate of Henry J. Ewing. The receipt of this certificate was objected to upon the ground that the execution of the assignment upon the back of this certificate was not proved in that the right of Caroline A. Ewing to make any transfer was not proved; and also, even if such right existed, there was no proof in regard to her execution of the assignment and transfer; and the evidence was excluded, and properly so, because there was no proof going to show any transfer of this stock by any person having the ownership thereof.

There seems to have been, therefore, no error committed by the learned court in dismissing the complaint upon the plaintiff's failure to prove his right to maintain the action.

The judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.